1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TUESDAY SEALES-PERKINS,                    Case No.  2:25-cv-3059-DC-JDP (PS)

12              Plaintiff,

13        v.                                    ORDER

14   KRISTEN CAPRINO,

15              Defendant.

16

17        Plaintiff brings this action against attorney Kristen Caprino.  Her complaint, however,

18   fails to state a claim and is dismissed.  I will give plaintiff leave to amend to file an amended

19   complaint that better explains the factual basis of her claims.  I will also grant her application to

20   proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C.

21   §§ 1915(a)(1) and (2).

22                      **Screening and Pleading Requirements**

23        A federal court must screen the complaint of any claimant seeking permission to proceed

24   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

25   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

26   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

27   relief.  *Id.*

28

                                              1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings this action against Kristen Caprino, who plaintiff describes as a "publicly funded educational institution and political subdivision of the State of California, and [who] acted jointly with state officials and under color of state law."[1] ECF No. 1 at 2. Plaintiff alleges that defendant learned that plaintiff receives income as a caregiver for her son, and with that knowledge, defendant filed a motion for "enforcement of attorney-fee sanctions" against her in her "ongoing litigation" over a state educational institution. *Id.* Plaintiff alleges that defendant

---

[1] Contrary to that description, plaintiff attaches to her complaint a filing by defendant, wherein defendant states in a supporting declaration to an opposition against plaintiff's motion for sanctions in a state action, that she is as an attorney and a member of the firm Johnson Schachter & Lewis. ECF No. 1 at 10. Defendant also states in the declaration that she represents she defendants Los Rios Community College District and other individuals in the state action plaintiff filed in November 2024.

2

1    used confidential information in a filing, which violates the ADA, the Rehabilitation Act, and the

2    Equal Protection Clause of the Fourteenth Amendment.  *Id.* at 2-4.  Plaintiff asserts two causes of

3    action: that defendant violated 42 U.S.C. § 12203 of Title V of the ADA and 42 U.S.C.

4    § 1985(2).[2]  *Id.* at 4-5.

5         Plaintiff's complaint is deficient for several reasons.  First, plaintiff has not alleged a

6    prima facie showing for a § 1985 claim, nor has she alleged facts showing that defendant was

7    acting under the color of state law.  Second, plaintiff fails to properly plead a Title V claim

8    against defendant.  The court will address each in turn.

9    Section 1985

10        To state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim

11   under § 1983.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).  Plaintiff's

12   complaint contains no such claim and cannot contain any such claims because defendant is not

13   state actor nor was acting under the color of state law, as required by 42 U.S.C. § 1983.

14        And even if plaintiff had alleged a valid § 1983 claim, her § 1985(2) claim would fail.

15   Section 1985(2) consists of two parts: the first proscribes conspiracies to interfere with the

16   administration of justice in federal courts; the second applies to conspiracies to obstruct the

17   course of justice in state courts.  Because plaintiff's allegations center on her case in state court,

18   the court assumes plaintiff intends to proceed under the second part of the statute.  Claims

19   premised on that part of the statue require an allegation of class-based, invidiously discriminatory

20   animus.  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir.1993); *Bagley v. CMC Real*

21   *Estate Corp.*, 923 F.2d 758, 763 (9th Cir.1991), *cert. denied*, 502 U.S. 1091 (1992).  Here,

22   plaintiff has not alleged that defendant denied her access to court because she was a member of a

23   protected class.  Plaintiff's bare allegations that defendant "acted in concert with others" is

24   insufficient to adequately plead that "two or more persons" conspired to deprive her of equal

25   protection of the law.

26

27   _____

28        [2] Plaintiff also asserts a count for declaratory and injunctive relief, but those are remedies,
     not standalone claims.

1    Title V

2         The ADA prohibits discrimination against individuals with disabilities.  *See* 42 U.S.C.

3    §§ 12101, *et seq*. Title I of the ADA prohibits discrimination in employment.  *See* 42 U.S.C.

4    §§ 12111, *et seq*. Title II prohibits discrimination in the provision of services and programs by a

5    public entity, and the provision of transportation to the general public.  *See* 42 U.S.C. §§ 12131,

6    *et seq*. Title III prohibits discrimination in public accommodations.  *See* 42 U.S.C. §§ 12181, *et*

7    *seq*.  Section 12203, under Title V of the ADA, prohibits retaliation against individuals who

8    oppose unlawful acts under the ADA.  *See Louie v. Carichoff*, No. S-05-0984 DFL DAD PS,

9    2006 WL 662742, at 2 (E.D. Cal. Mar. 16, 2006).

10        Title V of the ADA, codified at 42 U.S.C. § 12203, contains two primary substantive

11   provisions.  Section 12203(a) prohibits retaliation against any individual who has opposed

12   unlawful acts under the ADA or participated in investigations, proceedings, or hearings under the

13   chapter.  Section 12203(b) makes it unlawful to coerce, intimidate, threaten, or interfere with any

14   individual in the exercise or enjoyment of ADA rights.

15        Plaintiff's complaint does not specify the section of the ADA under which she asserts her

16   retaliation claim, and the court is unsure whether plaintiff would be able to allege a claim under

17   any of the Title.[3]  Title I concerns employment, and plaintiff has not alleged that she was in any

18   employment situation with defendant.  Title II concerns discrimination by a public entity, of

19   which defendant is not.  And Title III concerns discrimination in public accommodations, again,

20   which defendant as a private attorney is not.

21        Plaintiff alleges that defendant retaliated against her because she sought to "enforce

22   sanctions and expose confidential information after plaintiff requested accommodations."  ECF

23   No. 1.  However, plaintiff does not allege that she requested accommodation in an opposition to

24   any of defendant's act or practice, or that she made a charge, testified, assisted, or participated in

---

25        [3] Another wrinkle is that the Court of Appeals has not explicitly held that an individual
26   cannot be liable under Title V, but district courts have found so.  *Cable v. Dep't. of Dev. Servs. of*
     *the State of Cal.*, 973 F. Supp. 937, 943 (C.D. Cal. 1997) ("[I]ndividuals cannot be held liable
27   under Title V of the ADA.").  The Court of Appeals held, however, that Title I of the ADA bars
     individual liability, *see Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033 (2006),
28   which is based on the same statutory scheme as Title V.

1    any investigation, proceeding, or hearing concerning defendant's act or practice.  Therefore,

2    plaintiff has not stated a plausible claim of retaliation in violation of 42 U.S.C. § 12203(a), and

3    here retaliation claim under the ADA should be dismissed.

4           Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

5    plaintiff a chance to amend his complaint before recommending that this action be dismissed.

6    Plaintiff should also take care to add specific factual allegations against defendant.  If plaintiff

7    decides to file an amended complaint, the amended complaint will supersede the current one.  *See*

8    *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the

9    amended complaint will need to be complete on its face without reference to the prior pleading.

10   *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer

11   serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to

12   assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint

13   should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff

14   does not file an amended complaint, I will recommend that this action be dismissed.

15          Accordingly, it is hereby ORDERED that:

16          1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

17          2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

18          3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

19   complaint or (2) notice of voluntary dismissal of this action without prejudice.

20          4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

21   result in the imposition of sanctions, including a recommendation that this action be dismissed

22   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

23          5.  The Clerk of Court shall send plaintiff a complaint form with this order.

24

25   IT IS SO ORDERED.

26

27   Dated:    December 22, 2025                          _____

28                                                        JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE