1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TUESDAY SEALES-PERKINS,                    Case No.  2:25-cv-3059-DC-JDP (PS)

12                   Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14    KRISTEN CAPRINO,

15                   Defendant.

16

17          Plaintiff brings this action against attorney Kristen Caprino.  Her first amended complaint

18    suffers from the same deficiencies noted in the court's prior screening order.  Accordingly, the

19    court recommends that this action be dismissed for failure to state a claim.

20                         **Screening and Pleading Requirements**

21          A federal court must screen the complaint of any claimant seeking permission to proceed

22    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

23    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

24    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

25    relief.  *Id.*

26          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

27    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

28    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

                                                  1

1    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

2    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

3    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

4    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

5    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

6    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

7    n.2 (9th Cir. 2006) (en banc) (citations omitted).

8         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

9    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

10    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

11    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

12    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

13    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

14    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15                                              **Analysis**

16         Plaintiff brings this action against Kristen Caprino, an attorney who represented parties

17    adverse to her in a state court action.  ECF No. 4 at 1.  Plaintiff alleges that she has "long engaged

18    in activity protected by the ADA," and that defendant knew plaintiff was a disability advocate

19    and caregiver.  *Id.* at 2.  Despite her knowledge of plaintiff's ADA status, defendant filed a

20    motion for sanctions in the state court action.  Plaintiff alleges that defendant's actions chilled her

21    ability to litigate and amounted to retaliation because plaintiff's income is derived from federal

22    assistance.  *Id.* at 2-3.  Upon amendment, plaintiff asserts a single claim for violation of 42 U.S.C.

23    § 12203 of Title V of the ADA.  Her claim, however, fails to the same reasons identified in the

24    court's December 22, 2025 order.

25         The ADA prohibits discrimination against individuals with disabilities.  *See* 42 U.S.C.

26    §§ 12101, *et seq.*  Title I of the ADA prohibits discrimination in employment.  *See* 42 U.S.C.

27    §§ 12111, *et seq.*  Title II prohibits discrimination in the provision of services and programs by a

28    public entity, and the provision of transportation to the general public.  *See* 42 U.S.C. §§ 12131,

1    *et seq.* Title III prohibits discrimination in public accommodations. *See* 42 U.S.C. §§ 12181, *et*

2    *seq.* Section 12203, under Title V of the ADA, prohibits retaliation against individuals who

3    oppose unlawful acts under the ADA. *See Louie v. Carichoff*, No. S-05-0984-DFL-DAD (PS),

4    2006 WL 662742, at 2 (E.D. Cal. Mar. 16, 2006).

5          Title V of the ADA, codified at 42 U.S.C. § 12203, contains two primary substantive

6    provisions. Section 12203(a) prohibits retaliation against any individual who has opposed

7    unlawful acts under the ADA or participated in investigations, proceedings, or hearings under the

8    chapter. Section 12203(b) makes it unlawful to coerce, intimidate, threaten, or interfere with any

9    individual in the exercise or enjoyment of ADA rights.

10          Plaintiff alleges that defendant chilled her ability to litigate in state court and retaliated

11    against her by bringing a motion for sanctions against plaintiff. ECF No. 4. As an initial issue,

12    the complaint does not allege how defendant violated any provision of the ADA. Title I concerns

13    employment, and plaintiff has not alleged that she was in any employment situation with

14    defendant. Title II concerns discrimination by a public entity, which defendant is not. And

15    Title III concerns discrimination in public accommodations, which defendant, as a private

16    attorney, does not provide.

17          Moreover, plaintiff does not allege that she requested accommodation in an opposition to

18    any of defendant's act or practice, or that she made a charge, testified, assisted, or participated in

19    any investigation, proceeding, or hearing concerning defendant's act or practice. Therefore,

20    plaintiff has not stated a plausible claim of retaliation in violation of 42 U.S.C. § 12203(a), and

21    her retaliation claim under the ADA should be dismissed.

22          Plaintiff's allegation at bottom is that defendant violated the ADA by filing a motion for

23    sanctions against her, but plaintiff has not alleged how defendant's action violated the ADA.

24          Accordingly, plaintiff's complaint should be dismissed for failure to state a claim. Based

25    on the foregoing, I recommend that this action should be dismissed without leave to amend,

26    because amendment would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th

27    Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if

28    it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

3

1    (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v.*

2    *Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to

3    amend include undue delay, bad faith, prejudice, and futility.").

4         Accordingly, it is hereby RECOMMENDED that:

5         1.  Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend.

6         2.  The Clerk of Court be directed to close the case.

7         These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

9    service of these findings and recommendations, any party may file written objections with the

10   court and serve a copy on all parties.  Any such document should be captioned "Objections to

11   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

12   within fourteen days of service of the objections.  The parties are advised that failure to file

13   objections within the specified time may waive the right to appeal the District Court's order.  *See*

14   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

15   1991).

16

17   IT IS SO ORDERED.

18

     Dated:    January 6, 2026                    _____

19                                                JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

4